Argued January 25, reversed with instructions March 9, 1972

LINDLEY ET AL, *Respondents, v.* CITY OF
KLAMATH FALLS ET AL (No. 70-514E),
*Appellants.*

494 P2d 464

*William P. Brandsness,* Klamath Falls, argued the
the cause and filed the brief for appellants.

*Theodore R. Conn,* Lakeview, argued the cause for

respondents. On the brief were Conn & Lynch, Lake-view.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

The City of Klamath Falls appeals from a judgment of the circuit court which declared ordinances Nos. 5777 and 5779 void.

On July 6, 1970, the Klamath Falls Common Council passed a resolution announcing its intent to establish a downtown parking district for the purpose of acquiring and improving parcels of land in the downtown area to be used for free public parking. The resolution listed the property to be purchased, the improvements which were planned, and estimated the total cost at $560,000. The project was to be financed by special assessments levied on property in the vicinity of the parking lots. The resolution set out a legal description of the outer boundaries of that property which was benefited by the improvement.

On August 17, 1970, ordinance No. 5777 established Downtown Parking District No. 1 and directed the city engineer to determine the amounts to be levied against each parcel of land lying within the benefited area.

On September 8, 1970, the city passed ordinance No. 5779 which spread the assessments and ordered liens against the real property.

Plaintiffs filed their petition for writ of review on November 9, 1970, in which they alleged:

"* * * * *

"That said proceedings resulting in said assessments and said assessments are unlawful, against

and in violation of ORS 223.815[①] in that they are made for the purposes of providing funds with which to acquire parking lots within said proposed downtown parking district, the same being privately owned property used for public parking and no provision in said plan is made on such privately owned property now used for public parking to substantially increase the number of vehicle off-street parking spaces available for public use; that said proposed parking areas are not contiguous.

"* * * * * *"

The prayer of the petition asked the court to grant relief by declaring the assessments void and the plaintiffs' property free of all liens.

Defendants filed a motion to quash the writ of review. This motion was denied and defendants made a return on the writ. On appeal, defendants assign the denial of their motion to quash as error. Our disposition of the case makes it unnecessary to discuss any other assignments of error.

■ Writ of review is a proper method for attacking assessments imposed for local improvements. ORS 223.401; *Wing v. City of Eugene,* 249 Or 367, 437 P2d 836 (1968); *Boyle v. City of Bend,* 234 Or 91, 101, 380 P2d 625 (1963). The scope of the writ, however, is limited by the provisions of ORS 34.030 and 34.040.

---

① ORS 223.815 provides:

"For the purposes of ORS 223.810, a city may acquire property at or below the surface of the earth, by purchase, condemnation, exchange or other lawful manner. However, a city may not so acquire privately owned property used for public parking unless the facility to be constructed by the city would substantially increase the number of vehicle off-street parking spaces available for public use. The city may use the area below the street surface or the area beneath the surface of a park or other public property."

ORS 34.030:

"* * * A writ [of review] shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed."

ORS 34.040:

"The writ shall be allowed in all cases where the inferior court, officer or tribunal in the exercise of judicial functions[8] appears to have exercised such functions erroneously or arbitrarily, or to have exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff, and not otherwise. * * *"

■ Since the plaintiffs did not file their petition for writ of review until November 9, 1970, any right which they may have had to challenge ordinance No. 5777 was no longer available.

The time period for testing the assessment levied against plaintiffs' property by ordinance No. 5779 had not expired. The plaintiffs did not allege any procedural irregularity or arbitrary actions by the city council. The purport of their allegation that the assessments were invalid for lack of jurisdiction was an attempt to challenge the earlier ordinance by indirection.

■■ We do not decide whether the city correctly interpreted the provisions of ORS 223.815 or even whether it was proceeding under the section.[9] We

---

[8] It is often difficult to determine the scope of the phrase "* * * in the exercise of judicial functions * * *." Stanley v. City of Salem, 247 Or 60, 64, 427 P2d 406 (1967); Boyle v. City of Bend, 234 Or 91, 101, 380 P2d 625 (1963); 17 McQuillin 333, Municipal Corporations § 49.69 et seq (3d ed 1968).

[9] The city of Klamath Falls claimed it was proceeding under its home rule charter and that ORS 223.815 does not apply to charter cities under the home rule provisions of the Oregon Constitution, Art XI, § 2.

hold only that the city had taken the necessary procedural steps to establish a parking plan and to levy the special assessments. The exercise of power over subject matter lying within the jurisdiction of a city cannot be attacked by writ of review. *Vollmer v. Schrunk*, 242 Or 196, 409 P2d 177 (1965); *Baker v. Steele et al*, 229 Or 498, 501, 366 P2d 726 (1962).

The judgment of the trial court is reversed with instructions to dismiss the writ of review.