Argued November 27, 1972, affirmed February 12, 1973

# BISSELL ET AL (No. 32-741), *Appellants, v.* BOARD OF COUNTY COMMISSIONERS, WASHINGTON COUNTY ET AL, *Respondents.*

506 P2d 499

*Thomas A. Huffman,* Hillsboro, argued the cause for appellants. With him on the brief were Huffman and Zenger, Hillsboro.

*Edward J. Sullivan,* County Counsel, Hillsboro, argued the cause for respondents. With him on the brief was W. Louis Larson, Assistant County Counsel, Hillsboro.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This is a writ of review proceeding. ORS 34.020 et seq. Plaintiffs appeal from a circuit court ruling affirming the Washington County Board of Commissioners' denial of plaintiffs' application for a zone change. The fundamental question is whether the record substantiates the decision. *See Lindley v. City of Klamath Falls,* 8 Or App 375, 494 P2d 464 (1972).

Plaintiffs' property is located in Washington County and has a 252-foot frontage on Cornell Road beginning approximately 200 feet west of the intersection of NW. 107th Avenue and NW. Cornell Road. The property has been used for various commercial

businesses since 1946 and is now being used as a head-quarters for plaintiffs' engineering and house remodeling business. The Washington County Comprehensive Zoning Plan, adopted in 1959, designated the intersection of NW. 107th Avenue and NW. Cornell Road as an arterial intersection. In accordance with this designation, the Plan specified "Neighborhood Commercial" development at this intersection. The plaintiffs' application for zone change was from R-10 to C-4 which, under the Washington County Zoning Ordinance, includes numerous commercial uses. In spite of the "Neighborhood Commercial" designation in the Comprehensive Plan, the Washington County Zoning Ordinances enacted since 1959 have always zoned the subject property in R-10 zone (Residential). The only property in the vicinity of the subject property which is not of residential character, and which is not zoned R-10, is a lot located at the intersection of NW. 107th Avenue and NW. Cornell Road. This property, like the subject property, was occupied for commercial purposes (service station and small market) prior to the adoption of the 1959 Plan, and has continued to operate in the same capacity to the present date. The record indicates that the zoning of this property was changed from R-10 to C-4 at some time after the adoption of the 1959 Plan (no specific dates are indicated).

Plaintiffs filed an application to change the zoning of the subject property from R-10 to C-4. In R-10, the subject property is a nonconforming use. The proposed change to C-4 would allow expansion of its commercial uses much beyond the restricted nature of its present nonconforming commercial use. The Washington County Planning Commission, after hearing, recommended that the rezoning be denied. Pursuant to

Section 2301 of the Washington County Zoning Ordinance, plaintiffs appealed the decision of the Planning Commission to the Board of County Commissioners. After hearing, the Board denied the change. The Board's hearing record before us indicates it (1) examined aerial photographs and exhibits which explained land use and development in the subject area; (2) heard the testimony of the Washington County Zoning Administrator and the Washington County Planning Director; and (3) considered the testimony and written opinions of various opponents and proponents of the proposal. Based upon the information gathered at this hearing and the recommendation of the Planning Commission, the Board took its action. The findings of fact were stated in the motion of one of its members:

> "I would move that the zone change 71-413-Z be denied and that the Board adopt as findings that substantial change in the area since the 1959 plans suggested by the imminent change, in that area, deteriorating traffic conditions, change[d] land use patterns, and the character and density of the surrounding area, suggests that the proposed zone changes [sic] is not in the public interest."

The circuit court found that the Board acted with procedural regularity in giving plaintiffs a fair hearing on the application, and that there was sufficient evidence before the Board to provide a rational basis for the findings and decision. The court stated that the

> "[p]etitioners failed to overcome the presumptions of regularity and validity accorded the Respondent Board in this matter and have failed to go beyond the 'fairly debatable' stage to show that the Respondent Board acted erroneously or in excess of its jurisdiction."

Plaintiffs contend that the denial of a request for rezoning, where the proposed rezoning would conform to the Comprehensive Zoning Plan, must be supported by evidence which is sufficient to overcome the presumption that the applicable portion of the Plan is still valid and reasonable. Plaintiffs argue that no presumption of regularity or validity can be attached to the zoning authority's "action," and that, therefore, the Board's decision should not be affirmed where the record shows no more than a "rational" basis for the decision.

■ Where a zoning authority grants or denies a proposed rezoning or conditional use which is within the contemplation of the Comprehensive Plan, the zoning authority's disposition of the proposal is subject to court review only to determine whether the proceedings were fairly conducted in accordance with the requirements of the ordinance and that there was a rational basis for the zoning authority's decision. *Archdiocese of Port. v. Co. of Wash.*, 254 Or 77, 458 P2d 682 (1969); *Rust v. City of Eugene*, 3 Or App 386, 474 P2d 374 (1970).

In *Archdiocese*, the plaintiff applied for and was denied a conditional permit for a use within the contemplation of the Comprehensive Plan. The court held that the presumption of legislative regularity would be given full effect:

> "* * * Under such circumstances the only function of this court and the trial court in reviewing the action of the Board of County Commissioners is to decide whether the Board acted arbitrarily or capriciously. It is not our function to weigh the evidence for the purpose of determining whether in our judgment the Board correctly decided that the use sought would result in a detri-

ment to the community as a whole. * * * We examine the record of the proceedings before the Board only to determine whether those proceedings were fairly conducted in accordance with the requirements of the ordinance and that there was a rational basis for the Board's decision. It is important to bear in mind that in these cases we and the trial court are reviewing the legislative action of a governmental unit engaged in carrying out a land use policy formulated by it. The basis for that action need not be found in 'evidence' as we use that term in connection with the trial of cases before a court. The ordinance requires the Planning Commission to hold a public hearing on all proposed changes and the Board must also hold a public hearing on all appeals from the Planning Commission. But these public hearings are not trials and the views expressed by those who attend are evidence only in the broad sense that the Board may consider the points of view expressed at those hearings in reaching its conclusion." 254 Or at 85-86.

■ ■ Plaintiffs do not argue that they did not receive a fair hearing, and the record which we have reviewed and which formed a basis for the Board's findings establishes a rational basis for the Board's decision. If the C-4 classification was the only "Neighborhood Commercial" zone within the contemplation of the Plan, which is doubtful, the Board had discretion to determine that the C-4 zoning was not properly suited to the subject area. Such a conclusion could be rationally based on the evidence in the record that (1) the "Neighborhood Commercial" designation in the Comprehensive Plan was intended to follow the existence of "arterial" intersections; (2) the subject property was not closer than 200 feet to the arterial intersection; (3) the Plan designated NW. 107th Avenue and NW. Cornell Road as an arterial intersection;

(4) arterial intersection businesses at NW. 107th Avenue and NW. Cornell Road had not developed; (5) residential development had continued; (6) traffic on these streets was heavy and causing traffic hazards to local school children; and (7) location of a new commercial center on these streets would increase traffic flow. From this evidence the Board could rationally conclude that the proposed C-4 zoning was not in the public interest.

Further, the same evidence which establishes a "rational basis" for the Board's decision also provides an evidentiary basis for the conclusion that some changes had occurred, and others that had been anticipated had not occurred, since the adoption of the Plan which justify retaining the area primarily in a residential zone. In *Follmer v. County of Lane,* 5 Or App 185, 480 P2d 722, 486 P2d 1312, Sup Ct *review denied* (1971), we held such changes may justify departure from the Comprehensive Plan.

Affirmed.