Argued January 22, affirmed March 4, 1974

THE INN, HOME FOR BOYS ET AL, *Appellants, v.*
CITY COUNCIL OF THE CITY OF PORTLAND
ET AL (No. 389783), *Respondents,* DAMIS,
*Intervenor-Respondent.*

519 P2d 390

*Joy D. Abele,* Portland, argued the cause for appellants. With her on the briefs was Barnes H. Ellis, Portland.

*Donald C. Jeffery,* Portland, argued the cause for respondents. With him on the brief was John W. Osburn, City Attorney, Portland.

*James J. Damis,* Portland, argued the cause for intervenor-respondent.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

## LANGTRY, P. J.

Petitioners have operated a home for delinquent boys in a former one-family residence in an R-5 zone in N.E. Portland since 1969. The Inn, Home for Boys is the only dwelling on a large triangular parcel which is bordered on all three sides by city streets. In 1972 petitioners became aware that their operation was in violation of the city zoning ordinance. They applied for a conditional use permit as a "welfare institution."

Welfare institutions are permitted as conditional uses in an R-5 zone. Petitioners' operation is within the definition of a welfare institution. After a hearing the city planning commission granted the conditional use permit.

The granting of the permit was appealed to the city council. During the course of the proceedings in the city council it was established that the minimum distance from The Inn structure to two adjacent city streets was less than 30 feet. The zoning ordinance requires "welfare institutions" to have minimum front, rear, and side yards of 30 feet. A "yard" is defined by the ordinance as the minimum distance between a structure and the property line.

Considerable testimony was heard both for and against the granting of the conditional use permit. Upon the advice of the city attorney, the city council voted to deny the conditional use permit on the grounds that The Inn failed to meet the minimum yard requirements of a welfare institution and that the council was without authority to modify or vary the minimum yard requirements in this case.

Petitioners then brought this writ of review proceeding to challenge the action of the city council. Two issues were raised: (1) whether The Inn did meet the minimum yard requirements for welfare institutions, and (2) whether the zoning ordinance authorized the variance of those yard restrictions in the context of this case. The circuit court found that The Inn did not meet the minimum yard requirements. It also construed the zoning ordinance to not authorize the grant of a variance of those requirements.

In this court petitioners raise the merits of both these determinations. They argue that the court below

erred in determining which "yard" was a "front yard" and what measurements were to be considered. As we view the zoning ordinance and evidence in this case, no matter which side of The Inn is a front, side, or rear yard, two of the three fail to meet the minimum 30-foot setback established for all yards by the ordinance. The court below was correct in its determination on this point.

The construction of the zoning ordinance is a more difficult question.

Chapter 33.26, Planning and Zoning Code of the City of Portland, Oregon, governs the use of property in an R-5 zone. Section 33.26.240 establishes that a welfare institution is a permitted conditional use. Section 33.26.250 sets the regulations for operation of a conditional use in an R-5 zone:

> "**Regulations.** The commission shall determine the specific regulations and conditions governing each conditional use at the time of approval as provided in Chapter 33.106. However, the regulations in Sections 33.26.260–33.26.490 shall be considered minimum or maximum requirements as the case may be and shall apply to the particular conditional uses mentioned unless specifically modified by the commission at the time of approval."

Chapter 33.106 provides the authorization of conditional uses in general. Section 33.106.010:

> "**Authority.** Upon approval by the commission, in accordance with the procedures specified herein, the conditional uses specified in this title may be permitted in the respective zones in which they are listed * * *.
>
> "* * * * * *
>
> "Where unquestionably and clearly, practical difficulties, unnecessary hardships or consequences

inconsistent with the general purposes of this title may result from the literal interpretation and enforcement of the minimum and maximum requirements in the respective zones, the commission shall have authority to grant adjustments or variances in relation to conditional uses, with such conditions and safeguards as it may determine, in harmony with the general purpose, intent, and spirit of this title so that the public health, safety and welfare shall be secured and substantial justice shall be done.

"Such adjustments or variances relating to a conditional use shall be restricted to unique, unusual or peculiar circumstances and they shall be limited to the following matters: Modifications of * * * yard regulations, *as may be necessary to secure an appropriate improvement of a lot which is of such shape or so located with relation to surrounding development or physical characteristics that it cannot otherwise be appropriately improved without such modifications.*" (Emphasis supplied.)

Petitioners argue that § 33.26.250 gives the authority for a variance of the yard requirements contained in § 33.26.490. They base their position on the language, "unless specifically modified by the commission at the time of approval."

Reading § 33.26.250 in conjunction with § 33.106.010 leads to a different conclusion. Section 33.26.250 refers to Chapter 33.106 as determining the specific regulations and conditions governing each conditional use. Section 33.106.010 in its first sentence contains the general authority for granting all "conditional uses specified in this title." Section 33.106.010 goes on to grant specific authority for the increase of requirements as well as the adjustment or variance (decrease) of requirements. It is this power to modify require-

ments that is referred to in § 33.26.250. Section 33.26.250 should be read as setting out where the requirements are to be found unless those requirements are modified under the authority of § 33.106.010.

The controlling language of the zoning ordinance relating to the grant of a variance of the yard requirements of a conditional use is the last phrase of § 33.106.010:

> "* * * as may be necessary to secure an appropriate improvement of a lot * * * that * * * cannot otherwise be appropriately improved without such modifications."

This language was apparently relied upon for the determination that the council had no authority to grant the variance. The city contends this language should be construed as authorizing a variance only where construction of an improvement is contemplated. Thus, the city's position is that where an existing structure is sought to be used for a conditional use no variance is possible.

■ In the ordinary case the fact there is an existing structure on the property would imply that the property could be put to some other use without the grant of a variance. However, in certain cases an existing structure may not be capable of being put to any permitted use without the grant of a variance, *e.g.,* a discontinued, nonconforming use. In such a case, if it were not economically feasible to demolish the structure, it might be that the property could not reasonably be put to any use. We do not adopt a construction that leads to this result. If a variance is otherwise necessary to put an existing structure to an appropriate improvement or use, and the property on which the structure is located cannot otherwise be appro-

priately improved or used without such modifications, the city has the authority to so vary or modify the specific requirements enumerated in § 33.106.010.

We also construe this language to mean that no variance is possible where any other appropriate improvement or use can be made without a variance. Here petitioners apparently concede that the structure in question can be used as a single-family dwelling. This being so the city council was powerless to grant a variance without the petitioners' satisfying their burden on this point. *Fasano v. Washington Co. Comm.*, 264 Or 574, 507 P2d 23 (1973).

We add as a further comment that if petitioners or others feel this result is unduly harsh in that a socially desirable use is frustrated, the result is mandated by the language of the zoning ordinance which is subject to amendment. *Cf. Hill v. Marion Co. Bd. of Comm.*, 12 Or App 242, 506 P2d 519 (1973). The dismissal of petitioners' writ of review proceeding was proper.

Affirmed.