Argued August 19, judgment vacated; appeal dismissed September 12, 1977

McKENNEY et al, *Respondents—Cross-Appellants,*

*v.*

CITY OF LAKE OSWEGO et al,
*Appellants—Cross-Respondents.*

(No. 89488, CA 7274)

569 P2d 27

Lawrence Wm. Jordan, Jr., Lake Oswego, argued the cause and filed the briefs for appellants—cross-respondents.

John S. Marandas, Portland, and James R. Carskadon, Jr., Milwaukie, argued the cause for respondent—cross-appellants. With him on the brief were Bloom, Chaivoe, Ruben, Marandas & Berg, Portland, and Redman, Carskadon & Knauss, Milwaukie.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This writ-of-review proceeding challenges the defendant city's adoption of a "Resolution to Construct" as the first step toward formation of a local improvement district. The trial court ruled the resolution was invalid. The assignments of error presented by defendants' appeal are all resolved by our conclusion that the trial court lacked jurisdiction to consider this writ of review.

ORS 223.387 et seq specifies the general procedures for levying assessments to pay for city public improvements. Although cities are free to provide different procedures, the general statutory scheme is: (1) an ordinance or resolution designates "the improvement as to which an assessment is contemplated, describing the boundaries of the district to be assessed," ORS 223.389; (2) property owners within the proposed district can have a hearing at which the city council "will hear and consider objections or remonstrances to the proposed improvement," ORS 223.389; (3) if the council decides to proceed with the improvement, it "shall determine whether the property benefited shall bear all or a portion of the cost," give notice of any proposed assessment to affected property owners and allow them to object thereto, ORS 223.389; and finally (4) presumably after a further hearing—although the statute is not explicit—on the objections to the specific proposed assessments

"* * * [t]he council shall consider such objections and may adopt, correct, modify or revise the proposed assessments and shall determine the amount of assessment to be charged against each lot within the district, according to the special and peculiar benefits accruing thereto from the improvement, and shall by ordinance spread the assessment." ORS 222.389.

The relevant Lake Oswego ordinance follows this general format with additional detail, including an explicit provision for a city council hearing on objections to specific proposed assessments.

This writ-of-review proceeding was initiated before the defendant city had completed the above-described process. The city has not determined which property to assess, the amount of the assessments, given notice of proposed assessments to affected property owners, held a hearing on objections to the assessments, or by ordinance spread the final assessments. Until all of these steps are completed, the courts lack writ-of-review jurisdiction. ORS 223.401;[1] *see also* ORS 224.065.[2] The preliminary determination "that an improvement is to be made and that a tax will be imposed to pay for the improvement is strictly legislative * * *." *Stanley v. City of Salem,* 247 Or 60, 64, 427 P2d 406 (1967). This preliminary legislative determination cannot be reviewed by writ of review because that procedure is only available to review judicial and quasi-judicial decisions. ORS 34.040. However, a city's final determination that certain property has been benefited and the amount of the benefit is subject to judicial review by way of writ-of-review proceedings. ORS 223.401; ORS 224.065; *Western Amusement v. Springfield,* 274 Or 37, 545 P2d 592 (1976); *Stanley v. City of Salem, supra,* 247 Or at 64.

This conclusion requires reconsideration of two of our prior decisions. *Lindley v. City of Klamath Falls,* 8 Or App 375, 494 P2d 464 (1972), was a writ-of-review proceeding challenging local improvement assessments which had been finally adopted and imposed by a city. The plaintiffs' choice to proceed by way of writ of review was appropriate and timely under our present analysis. The plaintiffs sought to attack the city's underlying determination that an improvement

---

[1] "* * * [O]wners of any property against which an assessment for local improvements has been imposed may seek a review thereof under the provisions of ORS 34.010 to 34.100 [the writ-of-review statutes]." ORS 223.401.

[2] "* * * [O]wners of any property against which an assessment for a local improvement under this chapter has been imposed may seek a review thereof under the provisions of ORS 34.010 to 34.100 [the writ-of-review statutes]." ORS 224.065.

was to be made. We held that plaintiffs could not do so, 8 Or App at 378, at least implying that writ-of-review procedures could have been invoked sooner to attack that preliminary decision. *Lindley* was incorrect for the reasons that lead us to a contrary holding in this case.

██ Furthermore, "[u]pon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from * * *." ORS 19.140. We here make explicit what we believe is implicit in numerous Oregon writ-of-review cases: that the concept expressed in ORS 19.140 applies in this kind of case, i.e., that upon review of a final judicial or quasi-judicial decision by writ of review, the courts can review interlocutory or preliminary decisions that necessarily affect the final order. For present purposes, this means that a writ-of-review challenge to a final assessment can include an attack on the preliminary decision that a public improvement would be made. *Lindley* is overruled.[3]

■ Our other decision requiring reconsideration is *Chrysler Corp. v. City of Beaverton,* 25 Or App 361, 549 P2d 678, Sup Ct *review denied* (1976). That case, like this one, was a writ-of-review proceeding initiated before the city had made a final determination of the exact assessment to be imposed on benefited property. We stated:

> "* * * Although further proceedings will be necessary as a prerequisite to the levying of specific assessments, the determination by defendants that plaintiffs' land will be specially benefited represents a 'judicial or quasi-judicial' decision subject to review at this time * * *." 25 Or App at 364, n 3.

This statement was erroneous and is overruled. Under ORS 223.401 and *Stanley v. City of Salem, supra,* it is

---

[3] We are here referring only to an attack on the validity of the method or procedure of reaching the decision to make a public improvement, or the authority to reach such a decision, and not on the substantive exercise of legislative judgment.

only the actual levy of a specific assessment that is reviewable by way of writ of review; and in such a proceeding, to repeat, earlier determinations, such as benefit-to-property, are subject to challenge.

In this case, plaintiffs' only argument in support of the trial court's jurisdiction is that the defendant city's adoption of the "Resolution to Construct" should be subject to judicial review. That may be. We express no view on the broad question of *any* judicial review, other than to note the Supreme Court has recently stated: "We have reviewed special assessments in all sorts of proceedings, — writs of review, suits for injunction, declaratory judgments, and suits to quiet title * * *." *Western Amusement,* 274 Or at 41. Rather, the narrow question now before us is whether plaintiffs can proceed *by way of writ of review* to challenge the first step toward construction of a local improvement district. For the reasons stated, we hold they cannot.

Judgment vacated; appeal dismissed.