Argued September 19, reversed November 6, 1978

# LOVELL, *Appellant,*
## v.
# PLANNING COMMISSION OF THE CITY OF INDEPENDENCE et al, *Respondents.*
## (No. 24491, CA 10120)

586 P2d 99

William S. Lovell, Monmouth, argued the cause and filed the brief for appellant.

Dennis McCaffrey, Independence City Attorney, Dallas, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this writ of review proceeding, the issue on appeal is the propriety of the grant of a land-use variance. Wilma Hein, owner of two abutting lots containing houses located in the city of Independence, applied to the Independence Planning Commission for a variance from the city zoning ordinance in order to create a third lot by partitioning the rear half of her two lots. She intended to construct a dwelling on the third lot. The partitioning would have reduced the area of each of the existing lots and the backyard depth of one of the lots to less than the minimums specified by the ordinance for this R-1 single-family residential zone. At the conclusion of hearings, the Commission granted the variance, making findings of fact which stated in pertinent part:

"1. * * * [T]here were extraordinary circumstances as follows:

"a. * * * [T]he commission had granted variances in the past for odd shaped lots.

"b. * * * [T]he comprehensive plan calls for building of high density within the city.

"c. * * * [T]he degree of variance in this case is a reasonable amount of square footage for proper building.

"* * * * *

"3. * * * [A] variance is necessary for preservation and enjoyment of Ms. Hein's property rights, and better utilization of her land. The square footage being near the required amount for three homes, and too much for two homes."

The City Council affirmed the Planning Commission's order. The circuit court affirmed the actions of the Planning Commission and the City Council.[1]

---

[1]The Planning Commission, not the city, appears in the caption as a respondent in this action. However, the city appeared in the proceedings below, the city's order was affirmed in the proceedings below, and the city is named as a respondent in the notice of appeal.

[ 5 ]

■ Under the city's zoning ordinance, the authority to grant variances is conditioned upon a showing that strict application of zoning restrictions will cause practical difficulties or unnecessary hardships because of exceptional or extraordinary circumstances or conditions affecting the applicant's property.[2] Even if supported by evidence presented at the hearings, none of the findings of fact establish the existence of either extraordinary circumstances or practical difficulties justifying the issuance of a variance. Extraordinary circumstances arise out of conditions inherent in the land, *Erickson v. City of Portland,* 9 Or App 256, 262-63, 496 P2d 726 (1972), and do not apply generally in the same zone. *Moore v. Bd. of Clackamas County Comm'rs.,* 35 Or App 39, 45, 580 P2d 583 (1978); *Hill v. Marion Co. Bd. of Comm.,* 12 Or App 242, 248-49, 506 P2d 519 (1973).

■ As to finding 1.a., the history of issuing variances in Independence is not germane to determining whether there are extraordinary circumstances present in this case. As for finding 1.b., whether the city's comprehensive plan contemplates higher density development within the city is irrelevant. The plan's policies apply equally to all properties located in those areas designated for future urban growth and do not

---

[2]Section 14.01 of the Independence City Zoning Ordinance provides in pertinent part that

"* * * the commission shall have the power to vary or modify the strict application of any of the regulations or provisions of this ordinance with reference to the use of property, design of buildings, height of buildings, requirements for front, side, or rear yards, lot area, parking or loading space requirements, or sign regulations, in any case where such strict application would result in practical difficulties or unnecessary hardships * * *."

The relevant portions of section 14.02 read as follows:

"The commission may permit and authorize a variance when it appears from the application, or the facts presented at the public hearing, or by investigation by or at the instance of the commission, that there are exceptional or extraordinary circumstances or conditions applying to the land, building, or use referred to in the application, which circumstances or conditions do not apply generally to land, building, or uses in the same district * * *."

[ 6 ]

arise out of conditions inherent in the land. If the city believes that its current zoning ordinances impede the accomplishment of goals deemed important to its citizens' welfare, the proper "remedy lies in amending the zoning ordinance—not in granting a variance." *See Hill,* 12 Or App at 249; *see also* 2 E. Yokley, Zoning Law and Practice § 15.13, at 187 (3d ed 1965); 82 Am Jur 2d *Zoning and Planning* § 267, at 806-07 (1976). As to finding 1.c., if the city believes the lot size that would be left after the proposed partitioning is sufficient for its R-1 residential areas, then it should change its zoning restrictions to reflect that belief. Variances should not be employed as a substitute for the normal legislative process of amending zoning regulations. 2 E. Yokley, *supra* at 190-91; 101 CJS *Zoning* § 283, at 1053 (1958).

■ To obtain a variance, the individual property owner must demonstrate a peculiar hardship or practical difficulty not shared by others. *See Bienz v. City of Dayton,* 29 Or App 761, 778, 566 P2d 904 (1977); *Erickson,* 9 Or App at 262-63; 3 R. Anderson, American Law of Zoning § 18.32 at 224, 226 (2d ed 1977); 2 E. Yokley, *supra* § 15.9 at 162, 166-67; 168 ALR 25, 28 (1947). Even if Hein could use her land more profitably, as suggested by finding 3, that would be insufficient to establish a practical difficulty warranting a variance. *See* 3 R. Anderson, *supra* § 18.51 at 281-82; 101 CJS *Zoning* § 293, at 1074 (1958).

Reversed.