Argued and submitted February 2, affirmed September 27, 2006

Patricia A. PARKER
and Timothy Finch Ousley,
*Appellants,*

*v.*

CITY OF ALBANY,
*Respondent.*

0410344; A127362

144 P3d 976

Ross Day argued the cause for appellants. With him on the briefs was Oregonians in Action Legal Center.

James Delapoer argued the cause for respondent. With him on the brief was Long Delapoer Healy McCann & Noonan PC.

Before Edmonds, Presiding Judge, and Linder, Judge,* and Richardson, Senior Judge.**

RICHARDSON, S. J.

---

\* Linder, J., *vice* Deits, J. pro tempore.

\*\* Richardson, S. J., *vice* Wollheim, J.

## RICHARDSON, S. J.

■     In this writ of review proceeding, petitioners challenge the City of Albany's inclusion of their property within the boundaries of a local improvement district. The circuit court granted respondent's ORCP 21 motion and entered a judgment of dismissal for lack of subject matter jurisdiction. We review the circuit court's conclusion regarding jurisdiction for errors of law, *Magar v. City of Portland*, 179 Or App 104, 106, 39 P3d 234 (2003), and we affirm.

In 2003, the city initiated the formation of a local improvement district (LID) to partially finance a project to extend North Albany Road and make associated sewer, water, and intersection improvements. In 2004, the city council adopted by resolution a report by the city's engineer establishing a method for the assessment of specially benefitted properties and for the formation of the LID. Petitioners own property within the boundary of the proposed LID. Although the city had not yet levied an assessment on property in the LID, petitioners sought a writ of review, arguing that their parcel would realize no special benefit from the project.

Petitioners argue that the city's inclusion of their parcel within the boundaries of the LID was a quasi-judicial determination entitling them to immediate review by writ of review under ORS 34.040.[1] The city responds in two ways. First, it asserts that it has not made a final determination as to whether petitioners' property is included within the LID,

---

[1] ORS 34.040, provides:

"(1) The writ shall be allowed in all cases in which a substantial interest of a plaintiff has been injured and an inferior court including an officer or tribunal other than an agency as defined in ORS 183.310(1) in the exercise of judicial or quasi-judicial functions appears to have:

"(a) Exceeded its jurisdiction;

"(b) Failed to follow the procedure applicable to the matter before it;

"(c) Made a finding or order not supported by substantial evidence in the whole record;

"(d) Improperly construed the applicable law; or

"(e) Rendered a decision that is unconstitutional.

"(2) The fact that the right of appeal exists is no bar to the issuance of the writ."

because the list of included properties is not finalized until the very end of the LID process. Accordingly, the city argues, its relevant action to date is best characterized as legislative, and so not subject to judicial review. Second, the city contends that until the final stage in the LID process is reached and an assessment is actually levied against the property, a writ of review is not available under ORS 34.040. *McKenney v. Lake Oswego*, 30 Or App 913, 569 P2d 27 (1977).

■    If the city's second point is correct, we need not consider the validity of its first point. The parties appear to agree, and our cases confirm their conclusion, that, at the end of the LID formation process, petitioners could challenge inclusion of their property as part of the writ of review process pursuant to ORS 34.040 and ORS 223.401.[2] The issue in the case is not *whether* that decision is subject to review but *when.*

■    In *McKenney*, we considered the availability of the writ of review under ORS 223.401 as applied to a challenge of Lake Oswego's initial formation of an LID. The writ of review was initiated before the city had completed the process of forming the district, delineating its boundaries, and determining the assessments for the included properties. We described the city's preliminary determinations that an improvement is to be made and financed by an assessment as a legislative action that cannot be reviewed by writ of review. We held that, when the city made a final determination of the property to be benefitted and the assessments for each property, that final decision could be reviewed by writ of review under ORS 223.401. *Id.* at 916. As in most judicial review processes, review of a final judicial or quasi-judicial decision by writ of review encompasses review of interlocutory or preliminary decisions that necessarily affect the final decision.

An essential criterion for review is that the interlocutory or preliminary decisions be, in whole or in part, judicial or quasi-judicial. ORS 34.040. That criterion is not always

---

[2] ORS 223.401 provides that:

"[n]otwithstanding any of the provisions of ORS 223.387 to 223.399, owners of any property against which an assessment for local improvements has been imposed may seek review thereof under the provisions of ORS 34.010 to 34.100."

readily ascertainable. *School District No. 3J v. City of Wilsonville*, 87 Or App 246, 742 P2d 59 (1987), illustrates the point. In that case, the city formed an LID to finance a road improvement. The school district owned property within the LID that was assessed for the improvement. After the final assessments were determined, the school district sought a writ of review and challenged the decision that set the boundary of the LID. The school district's essential argument was that certain properties that would be benefitted by the improvement were excluded. Had they been included, the assessment base would have been larger and the individual assessments less. We raised, *sua sponte*, whether fixing the LID boundaries was a quasi-judicial decision subject to review in a writ of review process. We held:

> "Notwithstanding some apparent confusion, we conclude that the process of determining LID boundaries is sufficiently related to the process of determining which properties have benefitted from an improvement to justify its characterization as quasi-judicial and to subject it to review by writ of review."

87 Or App at 250.

Petitioners quote that holding and contend that *School District No. 3J* allows a writ of review of the preliminary process of determining LID boundaries because that is a quasi-judicial decision. They argue that that contention is not inconsistent with *McKenney* because the cases have different procedural facts. In *McKenney*, they argue, the city had made only a preliminary decision about formation of a district. Conversely, they contend, in *School District No. 3J*, the city had gone beyond the preliminary steps and had adopted an engineer's report that laid out the boundaries of the LID and estimated the improvement costs and the assessments. Our decision in *School District No. 3J*, petitioners argue, made the city's decision quasi-judicial and reviewable by writ of review. It follows, they contend, that, because the city's process has arrived at the same juncture in this case, it is quasi-judicial and reviewable by writ of review.

The difficulty with petitioners' reasoning is that *School District No. 3J* dealt only with *whether* the decision was reviewable by writ of review, not *when* that challenge

could be made. 87 Or App at 250. The challenge was raised in a properly initiated writ of review after a final determination of the assessments. Thus, the holding of *School District No. 3J* is consistent with the holding of *McKenney* that preliminary quasi-judicial decisions are reviewable, if at all, only within a writ-of-review process initiated from a "final judicial or quasi-judicial decision."

The decision of the circuit court dismissing the writ of review is correct.

Affirmed.