Submitted October 27, 2011, reversed and remanded May 16, 2012

Pamala KROHN,
an individual,
*Plaintiff-Appellant,*

*v.*

HOOD RIVER SCHOOL DISTRICT,
*Defendant-Respondent.*

Hood River County Circuit Court
100096CC; A146995

279 P3d 295

David A. Schuck, Stephanie J. Brown, and Schuck Law, LLC filed the briefs for appellant.

Richard Cohn-Lee and The Hungerford Law Firm filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

The trial court granted defendant Hood River School District's motion to dismiss plaintiff's statutory wage claims under ORCP 21 A(1), based on lack of subject matter jurisdiction on the ground that the claims are subject to or preempted by the Labor Management Relations Act (LMRA) or a collective bargaining agreement. We conclude that the claims are not preempted and therefore reverse and remand.

Plaintiff, who works for defendant as a custodian, is a classified employee represented by the Oregon School Employees Association (OSEA). Defendant and OSEA entered into a collective bargaining agreement (CBA) that covered the relevant period, September 1, 2007 to June 30, 2010. The CBA provided:

> "The intent of this Agreement is to set forth and record herein the basic and full Agreement between the parties on those matters pertaining to wages, hours and conditions of employment for classified personnel in the bargaining use."

In the CBA, defendant recognizes the OSEA as having exclusive authority to represent classified employees like plaintiff in matters of hours and wages and makes clear that classified employees such as plaintiff are bound by the terms of the CBA:

> "The District recognizes the Association as the sole and exclusive representative with respect to wages, hours and conditions of employment for all employees included in the bargaining unit[.]"

The CBA defines the salaries and rates of pay for classified employees. The CBA authorizes defendant to deduct certain sums from classified employees' wages if requested by the employee.

The CBA provides that "[t]he grievance procedure is the exclusive remedy provided by this Agreement to resolve a grievance." The CBA defines a grievance as "a dispute about the meaning or interpretation of a particular clause of this Agreement, or about an alleged violation of the Agreement." Additionally, the CBA provides that it does not deny any employee her rights under state or federal laws and constitutions.

Plaintiff filed a complaint in circuit court against defendant alleging two statutory wage claims: For her first claim, plaintiff alleged that defendant had deducted wages from plaintiff's paychecks in an amount not less than $7,344 in violation of ORS 652.610.[1] For her second claim, plaintiff alleged that defendant had failed to pay plaintiff minimum wage for all hours worked, in violation of ORS 653.025.[2] For the alleged violations, plaintiff sought actual damages, statutory penalties, interest, and attorney fees.

Defendant filed a motion to dismiss the complaint under ORCP 21 A(1), asserting that the trial court lacked subject matter jurisdiction because plaintiff had failed to exhaust her remedies under the CBA between defendant and OSEA. Defendant asserted that the CBA governs any claim that plaintiff might have against defendant, because the CBA defines plaintiff's rights relating to salary, wages, and the rate of her pay, sets forth a grievance procedure, and provides that the grievance procedure is the exclusive remedy to resolve a grievance relating to wages.[3] Therefore, defendant argued that the claims should be dismissed for lack of jurisdiction. The trial court agreed and dismissed.

We review the trial court's dismissal of the action on jurisdictional grounds for legal error. *Parker v. City of Albany*, 208 Or App 296, 298, 144 P3d 976 (2006). In support of the trial court's ruling, defendant continues to contend, citing *Smoldt v. Henkels & McCoy, Inc.*, 334 Or 507, 512, 53 P3d

---

[1] ORS 652.610(3) provides that, subject to particular exceptions, "[a]n employer may not withhold, deduct or divert any portion of an employee's wages[.]"

[2] ORS 653.025(1) provides that, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages at a rate lower than [the listed minimum wage for the calendar year]."

[3] On a motion to dismiss for lack of subject matter jurisdiction under ORCP 21 A(1), if

"the facts constituting such [a] defense[ ] do not appear on the face of the pleading and matters outside the pleading, including affidavits, declarations and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present affidavits, declarations and other evidence, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."

Consequently, a court may consider evidence beyond the allegations in the pleadings—including the CBA—to determine whether it has subject matter jurisdiction of a case.

443 (2002), and *State ex rel Nilsen v. Berry*, 248 Or 391, 398-99, 434 P2d 471 (1967), that a worker must exhaust remedies under a collective bargaining agreement before bringing a statutory claim and, in the absence of exhaustion, the trial court lacked subject matter jurisdiction.

Plaintiff asserts that there was no need to exhaust remedies under the CBA in this case because plaintiff's concerns are not addressed in the CBA. We agree with plaintiff that the trial court erred in dismissing plaintiff's claims as barred by the CBA, because plaintiff's claims are neither addressed in nor precluded by the CBA.

Both parties assume that, if plaintiff's claims depend on an interpretation of an ambiguous provision of the CBA, then state court subject matter jurisdiction is preempted under section 301 of the LMRA, 29 USC § 185(a).[4] *See Caterpillar, Inc. v. Williams*, 482 US 386, 394, 107 S Ct 2425, 96 L Ed 2d 318 (1987) (construing LMRA to preempt state law claims that arise directly from rights granted in a CBA or that are "substantially dependent" on an interpretation of a CBA). That assumption is incorrect; the LMRA has no application in the context of a claim by a public employee because a state public employer is expressly excluded from the definition of employer in the LMRA.[5] *Ayres v. Int'l. Bhd. Of Elec. Workers*, 666 F2d 441, 444 (9th Cir 1982) ("We hold that section 301(a) of the Act, 29 U.S.C. § 185(a), does not grant this court jurisdiction over the claims of an individual employed by a political subdivision of a state."). The school district is included in the definition of a public employer. ORS 243.650(20). We thus consider whether there is some basis under the CBA itself or state law for concluding that plaintiff

---

[4] Section 301 provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, and between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

[5] 29 USC section 152(2) provides, in part, "that the term employer * * * shall not include * * * any State or political subdivision thereof[.]"

is precluded from bringing her claims in state court, addressing first the terms of the CBA itself. *See Smoldt*, 334 Or at 510.

Plaintiff asserts that her claims are statutory claims, not governed or precluded by the CBA. In defendant's view, plaintiff's claims depend on the meaning or an interpretation of the CBA and are, therefore, subject to the grievance procedure therein. This is so, defendant contends, because the paychecks that plaintiff asserts violated the statutory wage laws were issued pursuant to financial and accounting practices of the school district that follow the "common sense principle reflected in the CBA" that an employee should only be paid wages for hours that she actually worked.

We agree with plaintiff that her claims are not governed by the CBA. First, we have no difficulty concluding that plaintiff's claims are not alleged breaches of the CBA that are to be raised as grievances under the CBA. As noted, the CBA defines a grievance as a claim that alleges a violation of the agreement or seeks an interpretation of it. Plaintiff's claims alleged simply that defendant wrongfully withheld money from plaintiff's paycheck that were due, in violation of ORS 653.610, and that plaintiff was not paid minimum wage for hours worked, as required by ORS 652.025. Plaintiff did not allege a violation of the CBA or incorporate or cite the CBA as the basis for her claims.

We conclude, further, that plaintiff's claims do not require an interpretation of the CBA. The provisions of the CBA that defendant asserts require "interpretation" are merely general provisions that might be consulted in the course of the claim, but that do not require interpretation to determine plaintiff's claim.[6] *See Livadas v. Bradshaw*, 512 US 107, 124, 114 S Ct 2068, 129 L Ed 2d 93 (1994) (for purposes of the LMRA, mere reference to the provisions of a CBA

---

[6] The provisions of the CBA that defendant cites include provisions stating that (1) the agreement is the parties' full agreement as to "those matters pertaining to wages, hours and conditions of employment"; (2) the union is the sole and exclusive representative of all employees with respect to wages, hours, and conditions of employment; (3) the district "retains all its customary, usual and exclusive rights"; (4) the district is allowed to follow the district's financial, budgetary, and accounting procedures; and (5) "salaries and wages * * * will be paid in accordance with District determined payroll procedures[.]"

does not amount to an "interpretation"). For that reason, as well, plaintiff's claims are not governed by the CBA.

As an alternative ground for affirmance, defendant points out that the statute on which plaintiff bases her claim for the wrongful withholding of wages, ORS 652.610(3), provides an exception for deductions authorized by a collective bargaining agreement. ORS 652.610(3)(d) provides that an employer may not withhold or deduct any portion of an employee's wages unless the withholding or deduction is authorized by a CBA. Defendant cites several provisions of the CBA that defendant contends authorized the withholding of plaintiff's wages and show that plaintiff's claim depends on the meaning of the CBA. However, once again, the provisions that defendant cites are simply general provisions bearing on the relationship of the parties to the CBA. Defendant does not cite a single provision that either specifically authorized the withholding of plaintiff's wages in this case or presented an ambiguity as to whether defendant was authorized to withhold plaintiff's wages. Thus, contrary to defendant's contention, plaintiff's wage deduction claim is not barred by ORS 652.610(3)(d).

Defendant does not offer any other argument that state law precludes plaintiff's claims. Having concluded that plaintiff's claims are neither preempted by the LMRA nor governed or precluded by the CBA, we hold that the trial court erred in dismissing plaintiff's claims.

Reversed and remanded.