On respondents' petition for rehearing filed December 20,
former opinion filed December 4, 1979 (288 Or 155, 603 P2d 771),
petition for rehearing denied February 26, 1980

NEUBERGER, et al,
*Respondents,*
*v.*
City of Portland,
*Petitioners.*

(CA 7976, SC 25945)
607 P2d 722

Paul R. Meyer, of Kobin & Meyer, Portland, for the petition.

No appearance contra.

Before Denecke, Chief Justice, Tongue, Howell, Lent,** Linde,** Peterson, and Tanzer,** Justices.

HOWELL, J.

** Did not participate in this decision.

**HOWELL, J.**

This case, which is before us on petition for rehearing, involves the validity of a zone change granted by the Portland City Council. In writ of review proceedings, the trial court upheld the change. The Court of Appeals agreed with one of the opponents' grounds for challenge and held that the matter must be remanded to the city council for further proceedings. *Neuberger v. City of Portland,* 37 Or App 13, 586 P2d 351 (1978). The applicants and the council petitioned for review of that decision, but the opponents of the change did not. This court asked the parties to furnish supplemental memoranda on questions raised by the petition for review. In their memorandum the opponents, in addition to addressing those questions, argued that the Court of Appeals had disposed incorrectly of several of their assignments of error. In our original opinion we refused to consider those contentions, pointing out that they were not raised in this court

"* * * until after we had granted the petition filed by the council and the applicants and requested memoranda and argument on other questions entirely." *Neuberger v. City of Portland,* 288 Or 155, 171, 603 P2d 771 (1979).

By petition for rehearing, the opponents have called to our attention a letter to their counsel from the State Court Administrator, in response to counsel's inquiry, advising him that when the court grants review upon the petition of one party, the other party may urge the court to rule on questions decided by the Court of Appeals but not raised by the petition. Our published rules do not deal with the question addressed by the Administrator's letter, nor have our previous decisions given any clear guidance to the bar.[1] It is quite possible that the opponents relied on the letter when they

[1] We have published and requested comment on proposed rules which would deal with this matter as follows:

"A respondent may but need not file a response to the petition for review. * * * The response shall be served and filed within 20 days after
*(Continued on following page)*

[587]

decided not to file either a petition for review of the Court of Appeals' decision or a response to the petition which the adverse parties filed. In fairness to the opponents we should not, therefore, have refused to consider their arguments simply because of the manner in which they were presented to this court.

The issues which they raise were briefed in the Court of Appeals and both parties had an opportunity to address them in oral argument before this court. We have not, therefore, found it necessary to set the case for rehearing. Instead, we consider the opponents' contentions of error by the Court of Appeals in this supplement to our original opinion.

The first of these contentions has to do with the council's evidentiary rulings and its findings on economic factors relating to the proposed zoning amendment. That issue was properly decided by the Court of Appeals and requires no additional discussion. 37 Or App at 25.

The other claims of error in the Court of Appeals decision have to do with the opponents' contention that they were denied their right to an impartial tribunal. They rely on *Fasano v. Washington Co. Comm.*, 264 Or 574, 588, 507 P2d 23 (1973), where we said:

"* * * With future cases in mind, it is appropriate to add some brief remarks on questions of procedure. Parties at the hearing before the * * * governing body are entitled to * * * a tribunal which is impartial in the matter—i.e., having had no pre-hearing or ex parte contacts concerning the question at issue * * *."

*(Continued from previous page)*
the petition for review is filed. In the absence of a response, respondent's brief in the Court of Appeals will be considered as the response.

" * * * If the Supreme Court accepts review it may limit the questions on review. If review is not so limited, the questions before the Supreme Court include all questions properly before the Court of Appeals that the petition or the response claims were erroneously decided by that court. The Supreme Court's opinion will not necessarily address each such question and the court may consider other issues that were before the Court of Appeals on the appeal or review of the judgment or order which is the subject of the petition for review."

[588]

We have reviewed the record carefully and find nothing to indicate that the opponents did not receive a fair hearing before the council.

They challenge the council's impartiality on two grounds. First, they complain that while the application for a zone change was pending before the council, negotiations were taking place for the possible sale to the city of an adjoining tract of land owned by the applicants. Second, they object to participation by an attorney for the applicants in the drafting of the detailed ordinance which the city council adopted to implement its decision to allow the change of zone.

The original suggestion that the city or some public agency might want to purchase the adjoining property as an addition to Forest Park was apparently made publicly by the applicants in hearings before the planning commission. During the later hearings before the city council it was announced that the possibility of such a purchase was being explored, and at various times throughout the hearings the status of the acquisition proposal was explained to the parties and the public by the mayor and by city staff members. No decision on the proposed acquisition was reached by the time the council voted to approve the zoning amendment.

There is nothing in the proceedings before the planning commission and the city council or in the evidence presented by the opponents in the trial court to indicate that any member of the council was improperly influenced by the proposal. Certainly there is no suggestion of covert dealings between the applicants and the council or its agents or that there was any agreement, express or implied, that the zone change would be approved in return for a chance for the city to add the adjoining tract to Forest Park at a favorable price.

The opponents argue, however, that the conversations and correspondence between the applicants and

representatives of the city concerning a possible sale of the property were improper "ex parte contacts" which are condemned in *Fasano*. *Fasano* should not be read as adopting a mechanical rule that any ex parte contact touching on a matter before a tribunal acting quasi-judicially renders the tribunal, or its affected members, unable to act in that matter. To the extent that the language in that opinion can be so understood we disapprove it. The issue is not whether there were any ex parte contacts, but whether the evidence shows that the tribunal or its members were biased. In this case it does not.

The opponents' other claim of violation of their right to an impartial tribunal involves the procedures employed after the council had voted to allow the zone change. After making that decision the council directed Mr. Vail, the city's Zoning Supervisor, to prepare the ordinance with the help of the city attorney's office. Mr. Vail prepared a number of rough drafts of the ordinance before he circulated a "review draft" to the parties and members of the council for comment prior to final revision. Mr. Vail testified that prior to that circulation he had met on several occasions with an attorney representing the applicants to discuss the wording of the ordinance, and had furnished that attorney with copies of his earlier rough drafts. Some of the changes in the draft versions of the ordinance, he testified, probably resulted from suggestions made by the attorney. These exchanges were not known to the opponents or their attorneys until after the council voted to approve the final version of the ordinance.

The applicants point out that this court subsequently encouraged participation by the parties in framing the findings in proceedings of this kind when we said, in *Sunnyside Neighborhood v. Clackamas Co. Comm.*, 280 Or 3, 21, 569 P2d 1063 (1977):

> "We do not believe the requirement of adequate findings and reasons imposes an excessive burden on the governing body or its staff. In contested land-use proceedings involving significant changes and the

[590]

presentation of large amounts of conflicting evidence, the major proponents and opponents of the change will frequently be represented by counsel. In such cases it would be quite proper for the governing body to request the parties to prepare and submit proposed findings which could be reviewed and used, as appropriate, in preparing its own final order."

When we made that suggestion we had in mind the procedure frequently employed when trial courts prepare detailed findings in nonjury cases. The proper practice by attorneys proposing findings in such cases is to serve a copy on opposing counsel as well as on the court. When we prepared the opinion in *Sunnyside* it did not occur to us that it was necessary to caution that a similar practice should be followed when proposed language for an ordinance embodying a quasi-judicial decision is submitted to a local governing body.

We do not here decide whether a failure to inform the parties of such proposals can ever be grounds for invalidating the final decision. The record does not show, in this case, that the opponents were prejudiced. They obtained and placed in evidence copies of the various rough drafts of the proposed ordinance prepared by Mr. Vail and of correspondence from the applicants' attorney suggesting certain changes. After ample opportunity to compare these documents with the city council's minutes and to present oral testimony in the trial court, the opponents now complain specifically of one passage in the ordinance which they attribute to a suggestion by the applicants' attorney. That passage reads:

> "Section 3. The Council therefore orders that the zoning of that portion of the applicants' property known as Parcel A be changed from R20 to R10 and that the applicant be allowed to construct a number of housing units calculated using the current City of Portland planned unit development practice (total acreage in square feet less 20 percent divided by 10,000 square feet) subject to and conditioned upon the following: * * *."

[591]

Opponents' objection to this portion of the ordinance is that it provides in advance for an allowable density of development based on the formula which it recites rather than requiring that a decision on actual density of development await the presentation of a planned unit development proposal. We need not decide whether the ordinance, construed as a whole, actually has that legal effect.

The language to which the opponents object was included in the review draft of the ordinance, a copy of which was submitted to the attorney for the opponents more than two months before final action was taken by the city council. The opponents never, so far as the record shows, questioned or challenged its inclusion in the proposed ordinance. The language complained of is not hidden or obscure or otherwise easily overlooked. It is a prominent part of the operative section of the ordinance. Under the circumstances, regardless of who originally suggested it, its inclusion is not grounds for invalidation of the council's action. Its presence was obvious and the opponents had ample opportunity to challenge it but did not do so. We hold that although the attorney for the opponents should have been informed of suggestions by the applicants as to the wording of the ordinance, the opponents were not, in this instance, prejudiced by the fact that that procedure was not followed.

In addition to claiming error by the Court of Appeals in the matters we have discussed above, the opponents, in their petition for rehearing, also argue that our original opinion was erroneous in several respects. We need discuss here only the contention that we should have remanded the case to the council for reconsideration in light of the statewide planning goals promulgated by the Land Conservation and Development Commission.[2]

---

[2] *See* ORS 197.225, 197.250.

During the hearings before the council, the attorney for the opponents asked whether either the LCDC goals or the statutory interim planning goals[3] governed this zone change application. The mayor asked Mr. Vail, who replied that he did not believe the goals were applicable, but that he would check further before the meeting was over. He apparently did not do so, and the question was not again called to the council's attention.

The opponents did not argue to the council, then or later, that it should consider either the statutory or LCDC goals. Although the opponents, in their petition for writ of review, listed the council's failure to consider the statewide planning goals as one of the many grounds for the writ, they did not raise the issue in the Court of Appeals. It is clear that the opponents abandoned this contention when they took their appeal.

They now argue that because in our original opinion we held the substantive criteria for zone changes set forth in the *Fasano* case no longer applicable, we have approved a rezoning decision based on no criteria whatsoever. They also assert that the zone change violated six of the LCDC goals. The opponents can hardly argue that they relied on *Fasano* in deciding not to raise the issue of the statewide goals on appeal. The standards stated in *Fasano* could only apply in addition to, not instead of, other standards imposed by law.

In spite of the opponents' failure to preserve the issue on appeal, we might have concluded that a remand for reconsideration in light of the applicable goals was the appropriate disposition of this case were it not for the fact that the council's decision was made after considering the substantive concerns addressed by most of the goals upon which the opponents rely.

[3] *See* former ORS 215.515, repealed Or Laws 1977, ch 766, § 16, and former ORS 197.280, repealed Or Laws 1977, ch 664, § 42 and ch 766, § 16.

Although the council did not address the specific requirements of the LCDC goals, it gave serious consideration to such matters as the physical characteristics of the parcel and the surrounding area, housing patterns within the city, provision of urban services, traffic patterns, and public transportation facilities. All parties had ample opportunity to present evidence and argument on these and other factors as they affected the propriety of the zone change. Under these circumstances we will not require reconsideration by the council for reasons not pressed before the council or made an issue on appeal.

For the reasons given in this supplemental opinion, the opponents' petition for rehearing is denied.