795 P.2d 560 (1990)
102 Or.App. 381
Robert McGowan and Coeta McGowan, Husband and Wife, Petitioners,
v.
LANE COUNTY LOCAL GOVERNMENT BOUNDARY COMMISSION, Respondent, and Cuddeback Lumber Company, Inc., Intervenor-Respondent.
191-00; CA A60365.
Court of Appeals of Oregon.
Argued and Submitted June 4, 1990.
Decided July 18, 1990.
Reconsideration Denied October 3, 1990.
Michael E. Farthing, Eugene, argued the cause, for petitioners. With him on the brief, were Linda Y. Lee and Gleaves, Swearingen, Larsen & Potter, Eugene.
John T. Bagg, Asst. Atty. Gen., Salem, argued the cause, for respondent. With him on the brief, were Dave Frohnmayer, Atty. Gen., and Virginia L. Linder, Sol. Gen., Salem.
William Kloos, Eugene, argued the cause, for intervenor-respondent. With him on the brief, was Allen L. Johnson, Eugene.
Before BUTTLER, P.J., JOSEPH, C.J., and ROSSMAN, J.
*561 JOSEPH, Chief Judge.
Petitioners seek review of respondent boundary commission's approval of the annexation of intervenor's 29-acre tract to the city of Eugene through the "expedited" procedures of ORS 199.466.[1] The statute specifically makes the public hearing and related procedural requirements of ORS 199.461 to ORS 199.463 inapplicable. No notice is required by ORS 199.466. The statute does require that the "brief analysis" and recommendation of the commission's executive officer be sent to certain governmental agencies and officers, to the owners of the territory proposed for annexation and "to such other persons as may be required by the commission." Unless one of the recipients of the analysis and recommendation requests that the hearing, notice and other procedures of ORS 199.461 to ORS 199.463 be invoked, the annexation is deemed approved by the commission 25 days after the filing of the annexation petition.
Petitioners own property adjacent to the annexed area, and they maintain that the annexation can adversely affect their interests. They were not notified of the annexation proceedings. They contend that they were entitled to notice and that the commission's failure to provide notice, and an opportunity to request and participate in the plenary procedures of ORS 199.461 to ORS 199.463, requires that we reverse the approval of the annexation. Petitioners' arguments are diffuse, but their thrust is that some combination of (1) the statutory scheme itself, (2) Oregon cases relating to quasi-judicial procedures and (3) due process require that owners of land adjacent to an area proposed for annexation be given notice and "an opportunity to request and appear at a public hearing."
At the outset, we note that petitioners do not contend that ORS 199.466 is unconstitutional or in conflict with other statutory provisions. Their position is that the statute can be applied in a way that allows the procedures that they think should be followed: If the commission had named them as "other persons" to whom it may require a copy of the analysis and recommendation to be sent, they could have initiated the procedures. The threshold problem, and one that petitioners never surmount, is that ORS 199.466 expressly obviates the procedural requirements of ORS 199.461 to ORS *562 199.463, including notice requirements. Petitioners' ultimate point is that ORS 199.466 must be applied in such a way that the procedures of other statutes, which it expressly makes inapplicable, will in fact be followed.
Petitioners state:
"If the Boundary Commission had established under the expedited procedures a notification process that included persons who are potentially adversely affected and aggrieved by this or any other annexation, then this appeal would not have been filed. The Boundary Commission could look to almost any zoning or land use process from any town or county in Oregon as a model in adopting a requirement that the filing of any petition, even those filed under the so-called expedited process, must be advertised to the public. At a minimum, adjacent landowners should be notified and given the right to request a public hearing."
It is true, of course, that a boundary commission can implement ORS 199.466 in a way that renders the expedited process that the statute contemplates a virtual dead letter. However, petitioners seem oblivious to the fact that the objective of the statute is the opposite. Moreover, they have not succeeded in demonstrating that that objective and the specific means that the statute establishes for realizing it are not permissible.
Petitioners argue that annexation decisions are inherently quasi-judicial and that, therefore, boundary commission proceedings pertaining to annexations must follow the notice and other procedures delineated in Fasano v. Washington Co., 264 Or. 574, 507 P.2d 23 (1973), disapproved on unrelated grounds Neuberger v. City of Portland, 288 Or. 585, 607 P.2d 722 (1980), and later related cases. However, Fasano and its progeny arose out of and were specifically referable to statutory or local legislative criteria that the courts held to be adjudicative in character. In the absence of criteria to which quasi-judicial procedures can or must be applied, the procedures are not required. Petitioners direct us to no such criteria in ORS 199.466 or ORS chapter 199 generally. The closest they come is ORS 199.462(1):
"In order to carry out the purposes described by ORS 199.410 when reviewing a petition for a boundary change or application under ORS 199.464, a boundary commission shall consider local comprehensive planning for the area, economic, demographic and sociological trends and projections pertinent to the proposal, past and prospective physical development of land that would directly or indirectly be affected by the proposed boundary change or application under ORS 199.464 and the goals adopted under ORS 197.225." (Emphasis supplied.)
Petitioners reason that that provision as a whole, and the emphasized language in particular, establish adjudicative criteria in which they, as persons whose property might be affected, have an interest that calls for quasi-judicial protection and participation. We disagree. ORS 199.462(1) enumerates general factors that must be given some consideration before a decision is made; it does not articulate specific criteria that a boundary commission is "bound to apply" as substantive tests in reaching a decision. Strawberry Hill 4 Wheelers v. Benton Co. Bd. of Comm., 287 Or. 591, 602, 601 P.2d 769 (1979); see also Estate of Gold v. City of Portland, 87 Or. App. 45, 740 P.2d 812, rev. den. 304 Or. 405, 745 P.2d 1225 (1987).
Petitioners also argue that "[t]here is no other type of quasi-judicial land use proceeding in Oregon, whether it be annexation or a variance, that does not require some type of notice to be given to interested parties together with an opportunity to comment." They then enumerate several statutory provisions that require cities, counties or state agencies to follow specified procedures in connection with various decisions. Petitioners' argument, of course, proves too much. The existence of the provisions on which they rely makes graphic the absence of comparable requirements in ORS 199.466 and thereby makes it all the clearer that the legislature intended *563 exactly what it said  or did not say  in ORS 199.466.
Fasano and the cases that followed in its aftermath were decided before the substance and procedure of Oregon land use law became the subject of comprehensive statutory definition. The Supreme Court has suggested that that legislation may displace some of the specific requirements of those cases. See Neuberger v. City of Portland, 288 Or. 155, 603 P.2d 771 (1979), reh. den. 288 Or. 585, 607 P.2d 722 (1980). In any event, petitioners do not show that the notice or other procedures that they seek are required either by the case law or the relevant statutes.
Petitioners' due process arguments also fail. Even if property adjacent to an annexed area would be demonstrably affected by the annexation, directly or indirectly, the owners have no liberty or property interest, or concomitant procedural rights, that originate in the Due Process Clause itself. See Hunter v. Pittsburgh, 207 U.S. 161, 178-79, 28 S.Ct. 40, 52 L.Ed. 151 (1907); Horner's Market v. Tri-County Trans., 2 Or. App. 288, 296-301, 467 P.2d 671, rev. den. with opinion 256 Or. 124, 471 P.2d 798 (1970), overruled on unrelated grounds Multnomah County v. Mittleman, 275 Or. 545, 557-58, 552 P.2d 242 (1976).
Petitioners argue more strenuously that their due process rights arise out of substantive and procedural requirements of state law. Those arguments are, in the main, duplications of their contentions that the statutes provide for notice and an opportunity to participate, and they fail for the same reasons.
Petitioners also argue that their due process rights arise from ORS 199.466(3), which provides for an appeal to the Court of Appeals from "the approval of a petition or tentative plans" under ORS 199.466. See note 1, supra. ORS 199.466(3) applies to persons who have no participatory rights under the other provisions of the statute. However, it does not enlarge what the other provisions of the statute grant or withhold in connection with the underlying boundary commission proceedings from which it allows an appeal to be taken. As we have held, the provisions do not create a due process interest, and that is not altered by petitioners' attempt to bootstrap one into them by their reliance on the appeal provision.
Affirmed.
NOTES
[1] ORS 199.466 provides:

"(1) When filing an annexation petition or application under ORS 199.464(3) or (4) with a boundary commission, the principal petitioner may request that the petition or application be approved without the study, public hearing and adoption of a final order required under ORS 199.461. If such request is made, the executive officer of the commission, not later than the 15th day after the filing of the petition or application, shall prepare a brief analysis of the petition or application and a recommendation for disposition of the proceeding, and send a copy of the analysis and recommendation to each commission member, to the governing body of each city, county and district with territory affected by the annexation or extension, to the owners of the affected territory and to such other persons as may be required by the commission. If the executive officer fails to prepare the analysis and recommendation by the 15th day after the filing of the petition or application, then the petition or application shall be approved only after the study, public hearing and adoption of the final order required under ORS 199.461.
"(2) If, within 25 days after the filing of an annexation petition or application for an extraterritorial water or sewer line extension, a person or governing body that received a copy of the executive officer's analysis and recommendation under subsection (1) of this section does not ask in writing for a public hearing on the proceeding under ORS 199.461, the petition or application shall be considered approved by the commission. After such approval, the executive officer of the commission shall send written notification of the approval to the officials and persons described in ORS 199.461(5) or (6). For an annexation petition, the notification shall contain a legal description and map describing the territory approved for annexation, and for an application under ORS 199.464(3) and (4), a general description and map of the territory affected by the extension. If a request for a public hearing is received by the commission within the 25-day period after the filing, the commission shall proceed as provided by ORS 199.460 to 199.463 and 199.490 to 199.534.
"(3) Any person, city, county or district may appeal the approval of a petition or tentative plans under this section as provided in ORS 199.461(4)."
We conclude that petitioners have standing to seek review under subsection (3).