Argued and submitted October 26, 1994, reversed and remanded in part; otherwise
affirmed May 24, petition for review denied August 22, 1995 (321 Or 512)

## Al HUTCHINSON,
*Appellant,*

*v.*

## CITY OF CORVALLIS,
a municipal corporation,
*Respondent.*

(CV91-0825; CA A82704)

895 P2d 797

George B. Heilig argued the cause for appellant. With him on the brief was Cable, Huston, Benedict, Haagensen & Ferris.

James Boewer argued the cause for respondent. On the brief were Scott A. Fewel and Holly Doremus.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals from a judgment denying his petition for a writ of review of a special assessment that defendant, City of Corvallis (the city), levied against his property to pay for the construction of a sewer system. We affirm in part and reverse in part.

Plaintiff owns a 2.15-acre parcel of land located adjacent to Southwest Philomath Boulevard just outside the city. The property is undeveloped and is used for horse grazing purposes only, although it is zoned residential. In 1986, the Benton County Health Department completed a sanitary survey of the area and identified a number of parcels with inadequate sewage disposal systems. Plaintiff's parcel was not one of those parcels. Based on the county survey, however, the state Health Division ordered the city to annex the entire area, including plaintiff's parcel, and to develop a plan to alleviate the health hazard posed by the inadequate sewage disposal. The city conducted an engineering study of the area, and, on the basis of that study, decided to construct a sewer line to serve the properties within the annexed area that had the failing sewage disposal systems.

Although plaintiff's was not one of the parcels to be served by the new sewer line, the city determined that it was necessary to locate a portion of the sewer line on his property. The city asked property owners to donate easements for the construction of the sewer line, and some property owners did that. Plaintiff did not. He sold an easement to the city for $2,000.

Upon completion of the sewer line, the city developed a method for levying assessments on benefited properties to help pay for the costs of the project. The city considered various proposals, based on market value, square footage, and frontage. It held public hearings and solicited comments. Ultimately, the city adopted a two-part formula. First, the city assessed each property abutting the sewer line a specified amount per 1,000 square feet of benefited area. Benefited area was determined by multiplying the linear feet of sewer line frontage by the lesser of the depth of the lot or 200 feet. Second, those benefited properties whose owners did not

donate an easement to the city were assessed the amount that the city paid for the easement across those properties.

By Corvallis Ordinance 91-35, the city then declared that plaintiff's property was among the properties that specially benefited from the construction of the new sewer line. Based on its two-part assessment formula, the city assessed plaintiff's property $22,656.43 on the basis of his total benefited area, and an additional $2,000 for the cost of the easement that the city had purchased from him.

Plaintiff contested the assessment. Among other things, he complained that his property obtained no real benefit from the new sewer line, because his parcel was entirely undeveloped and not even hooked up to the city's water lines. The city responded that it defined benefit "on the basis of the ability to connect to the system, as opposed to current use of the property."

Plaintiff filed a petition for a writ of review, challenging the validity of the city's method of levying the assessment against his property to cover the costs of constructing the sewer line. Plaintiff argued that, because there was no evidence in the record that his property benefited from the construction of the sewer line, the city's assessment was arbitrary, and his property could not properly be subject to the assessment. He complained that the city failed to make any findings that his property was benefited or that the assessment against his property fairly distributed the costs of the project. He also argued that requiring him to return the $2,000 that the city paid him for his easement effectively resulted in the loss of his property without fair compensation in violation of his constitutional rights. The city responded that its assessment was not arbitrary, because the record shows that the city carefully considered several other methods of assessment and, after public hearings and much deliberation, determined that the method that it employed most fairly apportioned the cost of constructing the new sewer line.

The trial court upheld the validity of the assessment and entered judgment declaring the entire assessment ordinance valid and requiring plaintiff to pay the city $24,656.43.

On appeal, plaintiff argues that the frontage-based assessment was arbitrary, unjust and unreasonable and that the trial court erred in concluding otherwise. He also argues that the trial court erred in upholding the city's demand for the return of the $2,000 that he was paid for the easement that he sold to the city. Finally, he argues that the city's decision is not supported by adequate findings.

We begin with plaintiff's argument that the frontage-based assessment against his property was arbitrary, unjust and unreasonable. Plaintiff complains that, because there is no evidence in the record that his property was benefited in any way by the construction of the sewer line, the city cannot lawfully require him to pay any portion of the costs of constructing the sewer line. Plaintiff especially complains about the fact that, because the sewer line was constructed to turn on his property so that it ran along the property on two sides, he was, in effect, subject to a double assessment. The city responds that plaintiff's property is benefited by its ability to connect to the sewer system. The city argues that the parcel's current undeveloped condition is of no consequence, because it is reasonably foreseeable that plaintiff someday will build homes on his property and, at that point, obtain the benefit of the sewer line. The city further argues that the frontage method of calculating assessments in general is reasonable and that plaintiff's property was not unfairly assessed on the basis of his "double frontage." According to the city, if plaintiff ever decides to develop his property, the longer sewer line frontage will make it easier to install multiple sewer connections.

Our standard of review of a city's assessment is limited to determining whether the city's decision is supported by substantial evidence. ORS 223.401; ORS 34.040(3). "Substantial evidence" means such " 'relevant evidence as a reasonable mind might accept as adequate' " to support the city's conclusion that plaintiff's land has specially benefited by the improvement. *Chrysler Corp. v. City of Beaverton*, 25 Or App 361, 366, 549 P2d 678, *rev den* (1976), *overruled in part on unrelated grounds McKenney v. Lake Oswego*, 30 Or App 913, 917, 569 P2d 27 (1977), *rev den* 281 Or 1 (1979) (quoting *Bay v. State Board of Education*, 233 Or 601, 605, 378 P2d 558 (1963)). A property has "specially benefited" when the construction of an improvement

" 'add[s] anything to the convenience, accessibility and use of the property as distinguished from benefits arising incidentally out of the improvement and enjoyed by the public generally.' "

*State Highway Com. v. Bailey et al*, 212 Or 261, 306, 319 P2d 906 (1957) (quoting *Hempstead v. Salt Lake City*, 32 Utah 261, 272, 90 P 397, 401 (1907)).

In this case, the evidence shows that plaintiff's land is located on the new sewer line and that plaintiff now has the ability to connect to the city's sewage disposal system. That is evidence that the construction of the sewer line provides access to a service that was not previously available, and is not available to the public generally.

■ Plaintiff points out that there is no actual testimony that his property has benefited or will ever benefit from the construction of the sewer line. It is true that we have said that specific evidence of the value of the affected property before and after the improvement certainly is "more convincing" evidence of special benefit. *See, e.g., Chrysler Corp.*, 25 Or App at 367. Nevertheless, the Supreme Court also has said that the location of an improvement on or near a parcel is at least some evidence that the property has been or will be benefited. *Western Amusement v. Springfield*, 274 Or 37, 46, 545 P2d 592 (1976).

■ Plaintiff insists that it is unreasonable for the city to conclude that his property enjoys a benefit from the construction of the sewer line, because his property is currently undeveloped and used only for horse grazing. Plaintiff observes that he does not have any sewage disposal system on his property and is not even connected with the city's water system. Merely because a property currently is not developed, however, does not mean that the property has not benefited. As the Supreme Court noted in *Western Amusement*:

"This court and others have held that in determining whether the improvement benefits the property, *its present use is not controlling.* * * * There is at least one compelling reason for this principle. The assessment must be made when the improvement is constructed. If benefit had to be determined by the present use, an owner could change the use after the assessment was made and receive full benefit of the improvement without any payment."

274 Or at 44. (Footnote omitted.)

■ Plaintiff argues that, at the least, the assessment is disproportionate to any benefit that might have resulted. According to plaintiff, he has been doubly assessed, because the sewer line was constructed along an L-shaped path along his property line. However, the city's assessment was imposed on the basis of the square footage of the benefited area, calculated by multiplying the length of only one side of the "L" by the depth of plaintiff's lot, which was less than 200 feet. The fact that the sewer line runs along the two sides of plaintiff's property, therefore, did not affect the amount of the assessment. We conclude that the trial court correctly upheld the validity of the frontage-based portion of the city's assessment methodology, which resulted in an assessment against his property for $22,656.43.

■ We turn to plaintiff's argument that the trial court erred in failing to invalidate the portion of the assessment that required him to return the $2,000 the city paid him for his grant of an easement for the construction of the sewer line. He argues that "the record is completely lacking of any substantial evidence" to support that portion of the assessment. He also argues that requiring him to return the very money he was paid for the city's purchase of an easement amounts to a taking of his property without compensation. The city argues that "that portion of the formula was specifically designed to make assessments more equitable." According to the city, it makes sense to require property owners to give back the money they were paid for the purchase of the easements, because it would otherwise be unfair to require the property owners who donated their easements to pay for the costs of acquiring easements from those who were not so charitable. As for plaintiff's argument that requiring the return of the $2,000 resulted in an unconstitutional taking, the city maintains that the argument was not made before the trial court and cannot be asserted for the first time on appeal.

■ A special assessment may be levied to the extent that property is specially benefited by the improvement for which the levy is assessed. *Stanley v. City of Salem*, 247 Or 60, 64, 427 P2d 406 (1967). The assessment must roughly approximate the special benefit to the property. *Crocker v. City of Albany*, 241 Or 180, 186, 405 P2d 364 (1965); *Raz et ux v. City*

*of Portland et al*, 203 Or 285, 291, 280 P2d 394 (1955). We review the validity of the amount of an assessment to determine whether it is arbitrary. *Hiransomboon v. City of Tigard*, 35 Or App 595, 599, 582 P2d 34 (1978), *rev den* 285 Or 1 (1979). If there is a complete lack of evidence that the benefit is "reasonably related" to the proportion of the total costs of the improvement that the assessment represents, then the amount is arbitrary. *Id.*

In this case, the city required the return of the $2,000 plaintiff received for his easement without any regard to spreading the costs of construction in proportion to the benefit derived. The costs of acquiring plaintiff's easement were, in fact, not apportioned at all. Plaintiff, like all others who insisted upon payment for acquisition of the easement, was required to repay the entire sale price of the easement, regardless of the size of his lot, the amount of frontage on the sewer line or any other method of spreading the costs of the acquisition among all those properties that benefited thereby. The city's sole justification for requiring plaintiff to repay the full easement sale proceeds was the avoidance of having those who donated easements to the city pay for the cost of purchasing easements from other property owners such as plaintiff. That justification, however, misses the point: Levying an assessment in accordance with the charity of the property owner does not establish that the amount of the assessment bears any relationship to the benefit to the property. Because there is no evidence that requiring plaintiff to repay the $2,000 he received for the sale of the easement to the city as part of the assessment on his property bears any relationship to any benefits his property received from the construction of the sewer line, the trial court erred in failing to invalidate that portion of the assessment.

We need not consider plaintiff's argument that that portion of the assessment constitutes an unconstitutional taking.

■■ Finally, we consider plaintiff's contention that the city's assessment decision is not supported by adequate findings. Plaintiff argues that, because levying an assessment is a quasi-judicial function, *Fasano v. Washington Co. Comm.*, 264 Or 574, 588, 507 P2d 23 (1973), *disapproved on unrelated grounds Neuberger v. City of Portland*, 288 Or 585, 590,

607 P2d 722 (1980), requires the city to have made specific findings that its assessment formula satisfied the city's own ordinance concerning acceptable methods of assessment. Corvallis Ordinance 71-13 provides:

> "In proposing a method of assessment of the costs of the local improvement, the following shall be considered:
>
> "* * * * *
>
> "(B)   The use of any method of apportioning the sum to be assessed as is just and reasonable among the properties determined to be specially benefitted."

Plaintiff contends that, under that ordinance, the city should have made specific findings concerning

> "the nature and location of the property involved, the district prescribed, the condition and character of the improvement, the cost and relative value of the property to be assessed, and that the plan or method adopted will not result in imposing a burden in substantial excess of the benefits, or disproportionate within the district as between owners."

The city argues that, because special assessment decisions are "infused with considerable legislative character," the findings requirements of *Fasano* do not apply. In any event, the city argues, the findings that it did make are adequate.

We need not determine whether *Fasano* applies. Even if it does, the city's findings meet the requirements of that decision. *Fasano* requires that administrative bodies acting in a quasi-judicial capacity make findings in support of their decisions that are adequate to permit meaningful judicial review. 264 Or at 588; *see also Sunnyside Neighborhood v. Clackamas Co. Comm.*, 280 Or 3, 21, 569 P2d 1063 (1977). In this case, the only relevant finding is that plaintiff's property was specially benefited. The city made that finding by ordinance, and, as our previous discussion demonstrates, we have been able to determine that there is substantial evidence to support the city's finding. The city's findings are not deficient.

Plaintiff's argument that Corvallis Ordinance 71-13 requires the city to make a number of other specific findings is incorrect. That ordinance requires no findings. It requires that the city "consider" whether its adopted method of assessment is "just and reasonable among the properties

determined to be specially benefitted." As we held in *McGowan v. Lane County Local Govt. Bdry. Comm.*, 102 Or App 381, 385, 795 P2d 560, *rev den* 310 Or 612 (1990), that a local government ordinance requires "consideration" of enumerated factors does not mean that those factors are substantive criteria for the final decision.

In this case, the record reflects that the city council members extensively discussed various assessment formulae, including methods based on market value, square footage and front footage. The record also shows that the council members considered the option of deferring assessments on undeveloped and partially developed properties. In the end, the city determined that the formula that it adopted was just and reasonable. The ordinance requires nothing more than that. The trial court did not err.

Reversed and remanded for entry of modified judgment (1) declaring invalid the portion of Corvallis Ordinance No. 91-35 that requires plaintiff to repay the $2,000 that he was paid for sewerage easement and (2) requiring plaintiff to pay city $22,656.43; otherwise affirmed.