Argued and submitted December 15, 1995, affirmed April 17, 1996

Robert BELLINGER,
Joseph Cersovski and P. Guy Howard,
*Petitioners,*

*v.*

LANE COUNTY LOCAL GOVERNMENT
BOUNDARY COMMISSION,
*Respondent.*

(EC JC 94-08, CA A83372)

915 P2d 430

Bruce H. Anderson argued the cause for petitioners. With him on the brief was Hutchinson, Anderson, Cox & Coons, P.C.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners seek review of the Lane County Local Government Boundary Commission's (commission) expedited approval, pursuant to ORS 199.466,[1] of Junction City's annexation of property that is proximate to and, apparently, was formerly included in an exclusive farm use zone. We affirm.

The petition for annexation was filed by the owner of the affected property on January 12, 1994. On the same day, the Lane County governing body amended the Junction City comprehensive plan to include the property in the city's urban growth boundary (UGB).[2] We emphasize that *this*

---

[1] That statute provides:

"(1) When filing an annexation petition or application under ORS 199.464(3) or (4) with a boundary commission, the principal petitioner may request that the petition or application be approved without the study, public hearing and adoption of a final order required under ORS 199.461. If such request is made, the executive officer of the commission, not later than the 15th day after the filing of the petition or application, shall prepare a brief analysis of the petition or application and a recommendation for disposition of the proceeding, and send a copy of the analysis and recommendation to each commission member, to the governing body of each city, county and district with territory affected by the annexation or extension, to the owners of the affected territory and to such other persons as may be required by the commission. If the executive officer fails to prepare the analysis and recommendation by the 15th day after the filing of the petition or application, then the petition or application shall be approved only after the study, public hearing and adoption of the final order required under ORS 199.461.

"(2) If, within 25 days after the filing of an annexation petition or application for an extraterritorial water or sewer line extension, a person or governing body that received a copy of the executive officer's analysis and recommendation under subsection (1) of this section does not ask in writing for a public hearing on the proceeding under ORS 199.461, the petition or application shall be considered approved by the commission. After such approval, the executive officer of the commission shall send written notification of the approval to the officials and persons described in ORS 199.461(5) or (6). For an annexation petition, the notification shall contain a legal description and map describing the territory approved for annexation, and for an application under ORS 199.464(3) or (4), a general description and map of the territory affected by the extension. If a request for a public hearing is received by the commission within the 25-day period after the filing, the commission shall proceed as provided by ORS 199.460 to 199.463 and 199.490 to 199.534.

"(3) Any person, city, county or district may appeal the approval of a petition or tentative plans under this section as provided in ORS 199.461(4)."

[2] The amendment followed a number of earlier actions by the city and/or the county, beginning in 1993, to include the property in the UGB and to rezone it for industrial use. The city also took an exception to Goal 3 to permit the redesignation of the property from agricultural to industrial.

appeal is not from that land use decision or those described in footnote 2; it concerns only the annexation approval. Several of petitioners' arguments appear to be aimed at issues that may well have been cognizable in the land use proceedings but are not germane to this one.

The annexation proceeded in accordance with ORS 199.466. Petitioners were not among those entitled to receive a copy of the staff analysis and recommendation under ORS 199.466(1). No recipient of the analysis and recommendation requested proceedings under ORS 199.461 *et seq,* and the annexation was deemed approved on February 7, 1994.

Petitioners make three assignments of error. The first requires no discussion, and the third depends for its success on that of the second. Petitioners assert in the second assignment that the commission staff's analysis and recommendation was deficient in a variety of ways. Petitioners contend generally that the staff "omitted material information," and failed to "address relevant agency standards" adequately or, in some instances, at all.

■       Before turning to the specific points of petitioners' argument that call for discussion, we must address one threshold argument that petitioners make and one that the commission makes regarding ORS 199.466 and our interpretation of it in *McGowan v. Lane County Local Govt. Bdry. Comm.*, 102 Or App 381, 795 P2d 560, *rev den* 310 Or 612 (1990). ORS 199.466(1) requires the commission staff to prepare a *"brief* analysis of the petition or application and a recommendation for disposition of the proceeding." (Emphasis supplied.) That document is to be sent to a defined and small number of persons and entities, who *may* abort the expedited process and require the full-scale procedures of ORS 199.461 *et seq* to be followed. Petitioners agree that they are *not* among the persons upon whom the statute confers those rights and abilities. They nevertheless argue:

> "[W]hile this Court held in *McGowan* that ORS 199.466(3) does not imbue persons without participatory rights with a right to notice of an expedited annexation procedure, ORS 199.466(3), indicates that such persons are not to be shut out from the expedited review process entirely. This appeal therefore presents the opportunity to resolve an important

issue left after *McGowan*: on what basis may a person without statutory notice rights challenge a boundary commission's approval of an expedited annexation petition under ORS 199.463(3)?

"Petitioners contend the answer to this question inheres in the requirement of an 'analysis and recommendation' under ORS 199.466. While this Court observed in *McGowan* that ORS 199.466 'expressly obviates the procedural requirements of ORS 199.461 to ORS 199.463,' *McGowan*, 102 Or App at 384, it also noted that ORS 199.466 did not jettison all procedural requirements. Rather, this Court observed that ORS 199.466 expressly requires a 'brief *analysis and recommendation* of the commission's executive officer * * *.' *McGowan*, 102 Or App at 383." (Emphasis petitioners'.)

We noted in *McGowan* that persons in a position similar to petitioners here, who were not entitled to receive the staff analysis, had a right to seek review in this court under ORS 199.466(3). 102 Or App at 383 n 1, 387. However, we rejected the contention that that right somehow enlarges the procedural or substantive interests that such persons enjoy under other provisions of the statute. *Id.* at 387. The thrust of *McGowan* is that those interests are minimal, and that the objective of the statute in general is to minimize procedural and substantive requirements and to make the heightened requirements of other annexation statutes inapplicable to the expedited process. As we noted in *McGowan*, in addressing the petitioners' argument that procedures parallel to those set forth in other statutes should be read into ORS 199.466, "the absence of [stated] comparable requirements in ORS 199.466 * * * makes it all the clearer that the legislature intended exactly what it said—or did not say—in ORS 199.466." *Id.* at 386. Petitioners' reliance on *McGowan* as support for a broad reading of ORS 199.466 is misplaced. The wisdom of the truncated annexation procedures that the statute allows is a matter for the legislature.

As noted, we held in *McGowan* that persons in the position of petitioners, who are not entitled to receive the staff report, may nevertheless have standing to seek judicial review under ORS 199.466(3). The commission does not appear to dispute that petitioners have "standing." Rather, it

asserts that, although a failure by the staff to *issue* a report and send it to the prescribed recipients might constitute reversible error, the *substance* of a report is not reviewable on appeal to this court. It asserts that the purpose of the staff report is to give notice, together with an opportunity to demand a nonexpedited process, to a discrete and defined number of persons and bodies. In its brief, the commission notes that the expedited process does not require a final order, but results in an automatic approval if the full-scale procedures of ORS 199.461 *et seq* are not invoked by a recipient of the analysis within the specified time. The commission continues that no findings by it are required under ORS 199.466, that the *brief* staff analysis does not have to contain the equivalent of particularized findings, and that, once the expedited procedure is complete and no full hearing process under ORS 199.461 *et seq* has been invoked, the analysis has served its notice function and its substance "is not subject to attack by 'any person' in a review of the annexation."

In our view, the grounds for reversal or remand, based on inadequacies in a staff analysis issued under ORS 199.466, are very narrow. Nonetheless, there could be circumstances in which the staff document is *so* inadequate as to be the equivalent of a nullity. Accordingly, we do not agree that the substance of the report is *wholly* unreviewable.

■ We accordingly proceed to consider petitioners' specific challenges to the adequacy of the analysis in this case. Petitioners first contend that the analysis is deficient in that it omits any discussion of high quality agricultural soils, buffer zones within the UGB and flooding. The commission responds that ORS 199.466 defines the required analysis as *brief* and, as such, it does not have to address every imaginable subject. The commission also notes that the first two subjects to whose absence petitioners point are more appropriate concerns in the planning rather than the annexation process, and that the third, flooding, has little if any necessary bearing on the annexation of this or any other land. We agree with the commission.

■ Petitioners next contend that the staff analysis fails to comply with OAR 191-30-020(4)(d), which requires consideration of:

"The comprehensive plan's economic, demographic, and sociological trends and projections and its environmental policies, pertinent to the proposal, shall be addressed."

The analysis addressed that criterion as follows:

"The annexation proposal is consistent with the City of Junction City Comprehensive Plan. This annexation proposal is an incremental step in implementing the long-range plan for this area. The urban growth boundary, land uses, and policies in the comprehensive plan were developed to meet the future needs of the Junction City community. The proposed use and plan designations are consistent with the long-range plans for the area.

"This request is consistent with this boundary commission standard."

Petitioners argue that the above statement is "conclusory" and inadequate. The commission again responds that "brief" means "brief." For that reason and others that we will discuss, we do not regard the statement as insufficient. The annexation proposal was based on the transition of the property in question from agricultural to industrial use. The same considerations that were to be implemented through the annexation were contemporaneously being implemented through the UGB amendment and related land use decisions. The recipients of the analysis, including the city and/or county governing bodies and the applicant, were involved in and familiar with the land use decisions. Given that broader context, the staff analysis does not have to be viewed in the vacuum in which petitioners attempt to place it and in which those who received it pursuant to ORS 199.466(1) were *most* unlikely to have viewed it. We conclude that, in these circumstances, the document sufficed as the brief statement required by the statute.

■      Petitioners make one further argument that warrants discussion. OAR 191-30-020(10) provides:

"The Commission shall not approve annexation of territory to a city outside an acknowledged urban growth boundary. Annexation of territory to a city may be approved by the Commission outside an urban growth boundary only when the urban growth boundary is modified by a city's

comprehensive plan amendment process to include the area proposed for annexation."

Petitioners contend, with reference to that rule, that the staff report should have and failed to address the statewide land use planning goals. Their premises are: (1) that the goals apply to decisions of this kind that are not governed by acknowledged local land use legislation; (2) that the amendment to the UGB was not "deemed acknowledged" under ORS 197.625 until it went unchallenged for 21 days after the statutorily-required notices of its adoption were sent; (3) that the analysis was prepared before the earliest possible date— February 2, 1994—that the 21-day period could have elapsed; and (4) that the final annexation approval occurred on February 7, and a glitch in the sending of notices or some other hypothetical eventuality *might* have delayed the running of the 21-day acknowledgment period beyond the approval date of the annexation. We note, however, that regardless of whether the UGB amendment was acknowledged by February 7, 1994, it is presently acknowledged.

Petitioners' second and third premises are correct, and we accept the first and fourth for sake of discussion. However, given petitioners' premises, together with the fact of the UGB amendment's present status as acknowledged, no purpose would be served by a remand. Even under petitioners' theory, the goals would not be applicable in any proceedings conducted now, after acknowledgment, and we have rejected their contention that the staff or commission failed to make any necessary demonstration concerning the proposal's consistency with applicable comprehensive plan or other local provisions. In addition, OAR 191-30-020(10) would also be applicable in any remand and, given the property's *current* inclusion in the acknowledged UGB as modified by the comprehensive plan amendment, the property qualifies for annexation under that rule.

In sum, at the time of their actions, the staff and the commission approved the annexation under the legal standards that are applicable now and that would be applicable if any further proceedings were required. Accordingly, even if we were to accept petitioners' arguments regarding the goals

and OAR 191-30-020(10) according to their terms, no reversible error would be shown.

Affirmed.